UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,
        Plaintiff,

                                        No. 1:06-cv-540

-v-

                                        HONORABLE PAUL L. MALONEY

TERRY PITCHER,
        Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

        Plaintiff Scott filed a complaint on July 31, 2006. Plaintiff alleges a cause of action under 42 U.S.C. § 1983, explaining that while he was in prison, he was denied access to the court and denied the right of equal protection. Plaintiff states he was released from prison on July 11, 2006. Plaintiff was allowed to proceed *in forma pauperis* (Dkt. No. 4) and a summons for Defendant Pitcher was delivered to the United States Marshall for service. The summons was delivered to the Muskegon Correctional Facility. On September 11, 2006, the Litigation Coordinator for the Department of Corrections Muskegon Facility sent a letter to the United States Marshals explaining it was not authorized to accept service because Defendant Pitcher had not worked at the Muskegon facility for more than five years and it did not know where Defendant could be served. (Dkt. No. 6.) No other events have occurred in this action.

        On May 22, 2009, the Magistrate Judge issued a Report and Recommendation (R&R) recommending the action be dismissed for failure to timely effect service. The R&R has not been served on Plaintiff. The United States Post Office stamp indicates Plaintiff moved from the address in the Court's record and did not leave a forwarding address. (Dkt. No. 8.)

        Under Fed. R. Civ. P. 41(b), this Court has the authority to dismiss actions for want of prosecution. *Conde v. Ford Motor Co.*, 815 F.2d 76 (6th Cir. 1987) (unpublished table opinion).

*See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962) (holding district courts have inherent authority to dismiss actions *sua sponte* with prejudice for failure to prosecute and noting the action is recognized in Rule 41(b)).  *See also* W.D. MICH. L.CIV.R. 41.1 ("Failure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution.").  This Court is mindful of the Sixth Circuit Court of Appeal's warning that, absent notice that dismissal is contemplated, courts should impose a penalty short of dismissal, unless the derelict party has engaged in bad faith or contumacious conduct.  *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

Taking into account various factors (*see Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 598 (6th Cir. 2001)), this action is **DISMISSED WITHOUT PREJUDICE.**  Plaintiff has shown no interest in the prosecution of this case for almost two years and has failed to apprise this Court of his current address.  Defendant Pitcher has never been served with a copy of the complaint.  *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  Defendant will not be prejudiced by this dismissal.  Given the inability to locate either Plaintiff or Defendant, less drastic sanctions are not appropriate.  The Report and Recommendation (Dkt. No. 8) is **ADOPTED AND MODIFIED**, as explained herein, as the opinion of this Court.  *See* FED. R. CIV. P. 72(b)(3).


Date:   June 29, 2009                                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge